UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARNELL WILLIAMS,<br><br>  Plaintiff,<br><br>v.<br><br>LOCKHART, MORRIS & MONTGOMERY, INC.,<br><br>  Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:21-cv-00378<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DARNELL WILLIAMS ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of LOCKHART, MORRIS & MONTGOMERY, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's principal place of business is located in Dallas County, Texas, which lies within the Northern District of Texas.

### PARTIES

4. Plaintiff is a consumer and a natural person over the age-of-18.

1

5. Defendant is a debt collector and limited liability company organized under the laws of the State of Texas. Defendant's principal place of business is located at 1401 N. Central Expressway, Suite 225, Richardson, Texas 75080-4456. Defendant regularly collects from consumers in the State of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a personal educational debt ("subject debt") that is purportedly owed to Western Express, Inc. ("Western").

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

9. Around November 2020, Defendant began telephonically contacting Plaintiff in order to collect upon the subject debt.

10. Upon speaking with Defendant, Plaintiff was informed that Defendant is a debt collector attempting to collect the subject debt.

11. Plaintiff explained to Defendant that he did not recognize the subject debt and that he did not owe it.

12. Plaintiff further clarified that he did not enroll in the course(s) relevant to the subject debt, therefore he is not responsible for making a payment.

13. In response, Defendant stated that it would refrain from collection activity, including reporting the subject debt to the credit bureaus, until it obtained a copy of the contract related to the subject debt.

14. Nevertheless, on or around January 2021, Plaintiff noticed that Defendant began reporting the subject debt on his credit report(s).

15. Consequently, Plaintiff contacted Defendant to ask for its reasons for reporting the subject debt on his credit report(s).

16. Defendant indicated that it did not have the contract between Plaintiff and Western, but that it did not need the contract to report the subject debt.

17. However, Defendant's actions contradicted its earlier position that it would refrain from collecting upon the subject debt until it obtained a copy of the contract.

18. Frustrated over Defendant's conduct, Plaintiff spoke with his attorneys regarding his rights.

19. Plaintiff has incurred costs and expenses consulting with and retaining his attorney as a result of Defendant's conduct.

20. Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, emotional distress, and a reduced credit score.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) by mischaracterizing the status of the subject debt. Defendant knew or should have known that Plaintiff is not responsible for the subject debt, because Plaintiff explicitly informed Defendant that he does not owe the subject debt and Defendant failed to obtain a copy of the contract between Plaintiff and Defendant. Despite this information, Defendant still attempted to collect from Plaintiff and implicitly represented that it would collect from him even if he did not owe the subject debt. Defendant's actions only served to exacerbate the worry and confusion Plaintiff was already experiencing as a result of Defendant's false, deceptive, and misleading debt collection conduct.

29. Defendant further violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to represent that it would refrain from collecting upon the subject debt until it obtained a copy of the contract between Plaintiff and Western, then report the subject debt to the credit bureaus even though it

4

did not have a copy of the contract. Defendant's actions only served to worry and confuse Plaintiff.

### b. Violations of FDCPA § 1692f

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt which Plaintiff does not owe. Defendant's multiple collection efforts unfairly suggested that Plaintiff owed the subject debt, when in fact he did not.

WHEREFORE, Plaintiff, DARNELL WILLIAMS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 23, 2021

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Northern District of Texas

Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com